UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-cr-10002-KMM

UNITED STATES OF AMERICA

v.

JOSE ENEL VENTE-CUERO,

    **Defendant.**
_____/

### GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR A SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)

The United States files its response in opposition to the Defendant's motion for a sentence reduction pursuant to Title 18, United States Code, Section 3582(c)(2). The Defendant seeks to take advantage of a recently promulgated amendment to the United States Sentencing Guidelines ("U.S.S.G.") for zero-point offenders (Amendment 821, Part B) (DE 74). As explained further below, the Defendant's motion should be denied because he was sentenced to a mandatory minimum sentence and, thus, is ineligible for relief.

### COURSE OF PROCEEDINGS IN THE CRIMINAL CASE

According to the Presentence Investigation Report, *see generally* DE 38, the underlying facts of the case are as follows: On or about December 26, 2017, while on routine patrol in the Eastern Pacific Ocean, a United States Navy maritime patrol aircraft ("MPA") detected a go-fast vessel approximately 140 nautical miles southwest of the Costa Rican/Panamanian border in international waters and upon the high seas (DE 38 at ¶ 6). The United States Coast Guard ("USCG") Cutter NORTHLAND ("NORTHLAND") was notified (DE 38 at ¶ 7).

The NORTHLAND launched its Over the Horizon Cutter Boat (CB-OTH), to investigate the go-fast vessel (DE 38 at ¶ 7). The CB-OTH crew energized its blue law enforcement lights as

it approached the go-fast vessel, and, in both English and Spanish, requested the go-fast vessel to stop (DE 38 at ¶ 7). The go-fast vessel did not comply but continued to move away from the CB-OTH at a high rate of speed. (DE 38 at ¶ 7). The persons on board began jettisoning packages overboard (DE 38 at ¶ 7).

The CB-OTH fired three rounds of warning shots, which caused the go-fast vessel to come to a complete stop (DE 38 at ¶ 7). The CB-OTH then conducted a right of visit boarding and confirmed that the go-fast vessel bore no indicia of nationality. The vessel was not flying a flag and there were no other markings on its hull to identify the vessel's home port, port of registry, or vessel registration numbers (DE 38 at ¶ 7).

The CB-OTH found three persons on board the go-fast vessel (DE 38 at ¶ 8). The individuals were identified as: the Defendant, Johan Sebastian Olave-Campaz ("Campaz"), and Luis Carlos Parra-Alomia ("Alomia") (DE 38 at ¶ 8). Alomia stated that he was the master of the vessel and made a claim of Colombian nationality for the vessel and himself (DE 38 at ¶ 8). The Defendant and Alomia also claimed to be of Colombian nationality (DE 38 at ¶ 8). Alomia further claimed that Buenaventura, Colombia was the last port of call (DE 38 at ¶ 8).

The USCG contacted Colombia to verify the nationality of the vessel, but Colombia neither confirmed nor denied the vessel's registry (DE 38 at ¶ 9). Consequently, the USCG instructed the CB-OTH to treat the go-fast vessel as a vessel without nationality, thereby causing it to be subject to the jurisdiction of the United States (DE 38 at ¶ 9). The USGC then conducted a thorough search of the go-fast vessel and the jettison field (DE 38 at ¶ 10). The USGC found one bale of what appeared to be contraband in the bow of the vessel and two individual packages in the water (DE 38 at ¶ 10). A sample of the substance found in the packages tested positive for the presence of cocaine and the total weight of the packages was approximately 58 kilograms. The Defendants

were detained by the USGC (DE 38 at ¶ 10).

On January 17, 2018, the Defendant and his co-defendants arrived in the United States via a USCG cutter at Key West, Florida (DE 38 at ¶ 11). In an interview with federal agents, the Defendant confessed that he agreed with co-defendants Campaz and Alomia to transport the cocaine into the United Sates on behalf of drug traffickers (DE 38 at ¶ 11). He stated that he was paid $5 million pesos (approximately $1,750 US dollars) for his services (DE 38 at ¶ 11).

On January 30, 2018, a federal grand jury charged the Defendant and his co-conspirators with (1) conspiring to possess with the intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) and (2) possessing with the intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) (DE 12). On March 6, 2018, the Defendant pleaded guilty to the conspiracy count (DE 28). On May 7, 2018, the Court sentenced the Defendant to the mandatory minimum sentence of 120 months in prison, followed by five years of supervised release (DE 53 and 56).

On March 6, 2024, the Defendant filed the instant motion, asking the Court to grant him a sentence reduction based on the new amendments to the United States Sentencing Guidelines (DE 38 at 4). A review of the Defendant's Federal Bureau of Prisons ("BOP") records shows that he is currently serving his sentence at Federal Correctional Institution, Sandstone in Sandstone, Minnesota. He has completed approximately 62% of his full-term sentence, serving a little over six years in prison. His anticipated release date (when considering his First Step Act credits) is July 4, 2025. While serving his sentence, the Defendant received three sanctions for refusing to work on September 8, 2022, January 4, 2023, and April 4, 2023. He also was sanctioned for

refusing to obey an order on August 24, 2022. There is an immigration detainer lodged against the Defendant (DE 38 at 2).

## LEGAL STANDARD

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id.* at 825–27. A defendant is eligible for such relief only if a retroactive amendment to the sentencing guidelines lowers his applicable sentencing guidelines range. *Id.*

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors,[1] *id.* at 826–27, and "the nature and seriousness of the danger to any

---

[1] The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwanted disparities among defendants; (7) the need to provide restitution to any victim of the offense. *See* 18 U.S.C. § 3553(a).

person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

Under the § 1B1.10(a)(1) policy statement: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable . . . has subsequently been lowered as a result of an amendment . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Notably, "if a defendant receives a sentence modification under § 3582(c)(2), a subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017).

## ARGUMENT

The Defendant seeks relief based on the zero-point offenders amendment. This provision "provide[s for] a decrease of two levels from the offense level . . . for defendants who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf. Specifically, a defendant must meet all the following criteria to be eligible for relief:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

5

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

Here, the Defendant is ineligible for a sentence reduction under Amendment 821 because the Court already sentenced him to the lowest sentence available—the statutory mandatory minimum. A district court may not sentence a defendant to a term less than the statutory minimum, "regardless of the defendant's advisory guidelines range." *United States v. Jackson*, 613 F.3d 1305, 1307 (11th Cir. 2010); *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). As such, Amendment 821 has no effect on the defendant's guideline range, and he is not eligible for a reduced sentence. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an . . . amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). For this reason, the Court should deny the Defendant's Motion.

## **CONCLUSION**

Based on the foregoing, the United States respectfully requests that the Court deny the Defendant's motion.

                                                Respectfully submitted,

                                                MARKENZY LAPOINTE
                                                UNITED STATES ATTORNEY

By:    *s// Quinshawna S. Landon*
          QUINSHAWNA S. LANDON
          Assistant United States Attorney
          Florida Bar No. 99835
          99 NE 4th Street, 4th Floor
          Miami, Florida 33132-2111
          Tel. No. (305) 961-9362
          E-mail: Quinshawna.Landon@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 20, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the document by United States Mail to *pro se* defendant at the following address:

Jose Enel Vente-Cuero
Inmate Number 17022-104
Sandstone
Federal Correctional Institution
Inmate/Parcels
P.O. Box 1000
Sandstone, MN 55072